[See Case No. 11,787.]

---

## Case No. 11,787.

### RICHARDSON v. LOCKWOOD.

[6 Fish. Pat. Cas. 454;[1] 4 O. G. 398.]

Circuit Court, D. Massachusetts. Aug. 12, 1873.

PATENTS—ANTICIPATION—ENEMA SYRINGES.

1. A claim for "so forming the connection between the bulb and its flexible tube that the

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

bulb can be used separately with a jet-pipe, as well as with the flexible tube, thus adapting the syringe to all the various operations for which it may be required, as described," is anticipated by a syringe made with a screw connection, by which different sorts of tube could be attached to the bulb.

2. The fact that the persons making such syringe, did not perceive or avail themselves of the advantages of this screw connection as a means of attaching a jet-pipe, will not save the subsequent patent from the effect of anticipation.

[Cited in La Baw v. Hawkins, Case No. 7,960.]

3. Reissued letters patent granted Francis B. Richardson, June 20, 1865, for improvement in enema syringes, held to be anticipated by the Davidson syringe.

In equity. Final hearing on pleadings and proofs. Suit brought [by Francis B. Richardson against Hamilton D. Lockwood] upon reissued letters patent [No. 2,005] for "improvement in enema syringes," granted to complainant June 20, 1865. The original letters patent [No. 31,626] were granted to same March 5, 1861. The claim of the reissue is stated in the opinion of the court. The defendants introduced in evidence a copy of the caveat of C. H. and H. E. Davidson, filed in the patent office, January 14, 1853.

Henry T. French, for complainant.
Caustin Browne, for defendant.

LOWELL, District Judge. The claim of the plaintiff's patent, as reissued, is "so forming the connection between the bulb and its flexible tube that the bulb can be used separately with a jet-pipe, as well as with its flexible tube, thus adapting the syringe to all the various operations for which it may be required, as described."

This appears to be a very useful feature in a syringe, and it has been used by the defendant. The only question is, whether it is new. The patent is evidence of novelty, and there is little else in the case to prove it. On the other hand, it is testified by two witnesses for the defense that it has long been the habit of mechanics to connect tubes to bulbs by a screw, which is the mode adopted by the patentee. One of these witnesses, Mr. Shurtlef, testifies that syringes were made with a screw connection, by which different sorts of tubes could be attached to the bulb, and that they were in common use some years before the date of the complainant's invention. As, however, this witness was not referred to in the defendant's answer, some doubt may be entertained whether he can be relied on to support it. It may be said in favor of admitting the evidence, that it merely shows the state of the art; but we think it safe to leave this piece of testimony out of consideration.

Our impression at the hearing was, that the Davidson syringe itself, as made and as described in the caveat, was an answer to the plaintiff's claim, and we are still of that opinion. But, in order not to decide too

hastily against the patent, and considering that if our ultimate opinion should remain the same, the delay would not be injurious to either party, we have taken time, and have carefully examined again the evidence. We are satisfied that the opinion given upon the matter of fact in former suits between these parties, one of which was affirmed by the supreme court in 8 Wall. [75 U. S.] 230, was sound, and that Davidson did make the precise form of syringe which he has always testified to, or rather that the two Davidsons made it; and that form includes a connection, by means of a screw, between the bulb and the tubes.

It may be that the Davidsons did not perceive all the advantages which this mode of connection would give to a syringe. In their caveat, they· seem to consider that the chief value of making the syringe in parts is that it may be easily cleaned and dried. But, if they made the syringe, for whatever purpose, in this way, it seems to us they can allege that no one else is entitled to a patent for making one in that way. If, therefore, the proof is not clear and distinct that this feature was a matter of common knowledge, still it seems to have been known to the Davidsons. The identical piece of metal which they made is. sworn to, and we do not think the evidence has ever been discredited. Bill dismissed, with costs.